# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FREDDIE COOPER, JR.,

    Plaintiff,

v.

Case No. 19-CV-1124-JPS

S. JOHNSON, MR. GLOUDERMANS, OFFICER KWASNY, SGT. DAWSON, and OFFICER WILLIAMS,

**ORDER**

    Defendants.

Plaintiff Freddie Cooper, Jr. proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights when they did not promptly deliver his mail on three days over the summer. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $6.16. 28 U.S.C. § 1915(b).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"[P]risoners have protected First Amendment interests in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). These interests are particularly strong with regard to legal mail. *Id.* "Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be 'reasonably related to legitimate penological interests.'" *Id.* (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989)). However, "merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." *Id.* (quoting *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987)). In *Rowe*, the Seventh Circuit held that short term, sporadic delays in receiving general, content-neutral mail did not rise to a constitutional violation. *Id.* at 782–83.

Here, Plaintiff alleges that on three days—Friday, June 28, 2019, Monday, July 1, 2019, and Friday, July 5, 2019—his mail was not delivered to him, despite the fact that Milwaukee Secure Detention Facility received the mail. (Docket #1 at 2). On Monday, July 1, 2019, he alleges that Ms. Williams lied to him and told him that there was "no mail," even though, he claims, it was already sorted and just needed to be delivered. Later that day, Sgt. Dawson told him that the "[first] shift was suppose[d] to do the mail," but they lacked resources. *Id.* When Plaintiff made a formal complaint to the unit manager, he was informed that the inmates "did not get mail" on those days due to "[i]nstitutional needs." *Id.* Plaintiff interpreted this as a lie, because "mail was delivered. . .on those days, but no one handed it out[.]" *Id.*

Plaintiff's allegations do not rise to the level of a First Amendment violation. He describes three isolated incidents of content-neutral delays in delivering mail in the week surrounding a national holiday. There are no facts in the complaint that would allow the Court to infer that prison officials violated Plaintiff's First Amendment rights. For example, the complaint does not allege that these delays were ongoing, or specifically directed at certain types of mail or certain inmates. This case is very similar to that in *Rowe*, where the Seventh Circuit found that occasional, brief delays in the receipt of mail do not give rise to a constitutional violation.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $343.84 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge